1
2
3
4
5           **UNITED STATES DISTRICT COURT**
6           **DISTRICT OF NEVADA**

7   BANK OF THE WEST,                    2:09-CV-388 JCM (RJJ)

8              Plaintiff,

9   v.

10  GREAT FALLS LIMITED
11  PARTNERSHIP, et al.,

12             Defendants.

13

14                              **ORDER**

15      Presently before the court is defendants Great Falls Limited Partnership (hereinafter

16  "GFLP"), RVS Southwest, LLC, Todd Slusher, Joyce Slusher, and Roland V. Strum's motion for

17  reconsideration. (Doc. # 51). Plaintiff Bank of the West filed an opposition. (Doc. #55). Defendants

18  filed a reply. (Doc. #58).

19      On July 29, 2010, the court entered an order (doc. #49) granting the plaintiff's motion for

20  summary judgment, and denying defendants' cross-motion for summary judgment. The clerk of the

21  court entered judgment in favor of the plaintiff in the amount of $8,466,406.96, plus attorneys' fees,

22  expenses, costs, and interest. Defendants bring the present motion to ask the court to reconsider its

23  judgment with regards to the personal liability of defendant Joyce Slusher, and alter or amend the

24  principal amount due under the loan.

25      "Reconsideration is appropriate if the district court (1) is presented with newly discovered

26  evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an

27  intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th

28

**James C. Mahan**
**U.S. District Judge**

1  Cir. 1993); *see* Fed. R. Civ. P. 59(e); *see also* Fed. R. Civ. P. 60(b). Under Fed. R. Civ. P. 59(e), the
2  court may alter or amend a judgment if the party provides the court with a valid ground for
3  reconsideration. *MGIC Indemnity Corp. v. Weisman,* 803 F.2d 500, 505 (9th Cir. 1986).

**Defendant Joyce Slusher's Personal Liability.**

Defendants assert that the court committed clear error, and that it should amend the judgment to alleviate Joyce's liability in order to prevent manifest injustice. They claim that she, as a general partner, is not personally liable for the debt or liability of GFLP, a "registered limited-liability partnership." Further, they assert that the court's judgment "contradicts Nevada law." Specifically, defendants assert that under NRS 88.608, a "general partner is not personally liable for a debt or liability of the limited-liability limited partnership unless the certificate of limited partnership or partnership agreement provides otherwise." [emphasis supplied]. Asserting that Joyce never executed a continuing guaranty in her individual capacity, defendants state that she is not liable for the judgment entered against GFLP, and that it should be amended to relieve Joyce of any obligation.

In opposition, plaintiff correctly states that GFLP is a limited partnership[1], and not a limited-liability partnership. Unlike the general partners of a limited-liability partnership, those of a limited partnership are jointly and severally liable for all debts and obligations of the partnership. NRS 87.150.

Despite the evidence that Joyce is liable as a general partner, the defendants still assert that she should not be held liable because "it was the understanding that everything in relation to the management and operations of GFLP would be handled exclusively by [her husband] Todd," and that the partnership was formed with that in mind. Further, they assert that in situations like the present, the "form of an entity will be ignored and the rights and liabilities should be determined in furtherance and in harmony with the real purpose of the organization. See e.g., Clark v. Lubritz, 133 Nev. 1089, 1094, 944 P.2d 861, 964 (1997)." Thus, the defendants claim that equity requires that Joyce should only be held liable in accordance with the intent of GFLP regardless of its structural

---

[1] The "Articles of Limited Partnership of Great Falls Limited Partnership" and the "Certificate of Limited Partnership" attached as exhibits 1 & 2 to the defendants' response confirm this assertion.

1  form.

2  Pursuant to *Carmen v. San Francisco Unified School Dist.,* 237 F.3d 1026, 1029 (9th Cir. 2001), a court need not consider issues or evidence not brought to the court's attention in opposition to a motion for summary judgment. Defendant Joyce's lack of involvement with the partnership's operations, and the fact that she "did not execute any of the continuing guaranties in her individual capacity or on behalf of GFLP" was known to the defendants at the time of both the motion summary judgment and the cross-motion for summary judgment, and was even mentioned in their response to the motion for summary judgment (doc. #34). Yet, defendants failed to raise the issue with regards to Joyce's personal liability or assert their equity argument.

The facts argued in the motion are not "newly discovered," there is no evidence to support the allegation that the court committed clear error, and the defendants have failed to show that there is an intervening change in controlling law. Therefore, reconsideration is not appropriate.

**Alter or Amend the Principal Sum of the Judgment.**

In relying on *Jenkins v. Country of Riverside,* 398 F.3d 1093, 1094 n.2 (9th Cir. 2005), which holds that there are grounds for reconsideration when there is a need to correct a previous disposition that was clearly erroneous and would manifest injustice, the defendants ask this court to alter the judgment to reflect, what they assert to be, the correct principal sum. Plaintiff's complaint (doc. #1), and the subsequent judgment (doc. #50), state the principal sum due as $8,446,406.96. Defendants claim that a payment was made under the loan on or about October 23, 2008, and that the current principal amount should be $8,060, 259.76.

Plaintiff asserts in its opposition that the amount referenced in the judgment was comprised of (1) outstanding principal amount on the debt ($8,060,259.76), (2) interest calculated through January 2009 ($368,421.05), (3) legal fees, (4) the appraisal fee ($5,285.00), and (5) the reconveyance fee ($45.00). Thus, the plaintiff admits that the proper principal sum is in fact the amount that the defendants assert in their motion.

The judgment incorrectly states that the amount owed to the plaintiff is "$8,466,406.96 *plus* attorneys' fees, expenses, costs and interest." (Doc. #50) [emphasis added]. The amount reflected

James C. Mahan
U.S. District Judge

- 3 -

1  in the judgment should be the undisputed principal sum of $8,060,259.76, without the additional fees
2  and costs already calculated in.
3      Accordingly,
4      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendants Great Falls
5  Limited Partnership, RVS Southwest, LLC, Todd Slusher, Joyce Slusher, and Roland V. Strum's
6  motion for reconsideration (doc. # 51) be, and the same hereby is, DENIED with regards to Joyce
7  Slusher's personal liability, and GRANTED with regards to the principal sum reflected in the
8  judgment.
9      IT IS FURTHER ORDERED that the parties shall jointly prepare and submit an appropriate
10 amended judgment reflecting the correct principal sum of $8,060,259.76.
11     DATED November 17, 2010.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -