# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BANK OF THE WEST,

    Plaintiff,

v.

GREAT FALLS LIMITED PARTNERSHIP, et al.,

    Defendants.

2:09-CV-388 JCM (RJJ)

## ORDER

Presently before the court is defendants Great Falls Limited Partnership, RVS Southwest, LLC, Todd Slusher, Joyce Slusher, and Ronald V. Sturm's motion to stay execution of judgment. (Doc. #52). Plaintiff Bank of the West filed an opposition. (Doc. #56). Defendants filed a reply. (Doc. # 59).

A court may stay execution of its judgment when it is necessary to accomplish the ends of justice, to protect the rights of the parties, or for other good cause. *Wymer v. Wymer,* 5 B.R. 802, 806 (9th Cir. 1980). *See also Lineker v. Dillion,* 275 F. 460, 470 (N.D. Cal. 1921). Pursuant to Federal Rule of Civil Procedure 62(b), a court may "stay the execution of a judgment–or any proceedings to enforce it–pending disposition of...[a] motion under Rule 59, for a new trial or to alter or amend a judgment; or Rule 60, for relief from a judgment or order."

On July 29, 2010, the court entered an order (doc. #49) granting plaintiff's motion for summary judgment (doc. #26) and denying defendants' cross-motion for summary judgment (doc. #36). Defendants then filed their motion for reconsideration under Federal Rules of Civil Procedure

**James C. Mahan**
**U.S. District Judge**

1  59 & 60 (doc. #51). In the motion to reconsider, the defendants asserted that (1) defendant Joyce Slusher was not personally liable, and (2) that the judgment reflected the incorrect principal amount under the loan.

In the present motion (doc. #52), the defendants ask this court to stay any execution upon the judgment until the court decides the motion to reconsider (doc. #51). However, on November 17, 2010, the court entered an order denying in part and granting in part the motion for reconsideration (doc. #51). In light of the court's ruling on the motion to reconsider, the motion to stay (doc. #52) with regards to the motion to reconsider is moot.

Additionally, defendants assert that they will be appealing the judgment, and that a stay is proper to "promote judicial efficiency and prevent the plaintiff from executing the [j]udgment against all defendants before the Ninth Circuit renders its ruling." Further, the defendants ask that a stay pending appeal be conditioned on alternate security, rather than a supersedeas bond.

Defendants assert that a stay pending appeal is appropriate because they satisfy all the factors for a discretionary stay as enumerated by the Ninth Circuit. *Wymer,* 5 B.R. 802, 806 (*citing Schwartz v. Covington,* 341 F.2d 537 (9th Cir. 1965). These factors include; (1) appellant is likely to succeed on the merits of the appeal; (2) appellant will suffer irreparable injury; (3) no substantial harm will come to appellee; and (4) the stay will do no harm to the public's interest. *Id.*

Here, defendants are asserting that by having to pay the judgment amount, they will be at a "severe disadvantage" and will suffer irreparable harm. However, as plaintiff asserts, the defendants cannot claim that they will suffer irreparable injury if a stay is not granted, because any monetary injury could be remedied by a monetary payment. *Los Angeles Memorial Coliseum Commission v. National Football League,* 634 F.2d 1197, 1202 (9th Cir. 1980). ("It is well established, however, that such monetary injury is not normally considered irreparable.") Further, the Supreme Court held that "the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury." *Id.* (*quoting Sampson v. Murray,* 415 U.S. 61 , 90, 94 S.Ct. at 952, *quoting Virginia Petroleum Jobbers Association v. Federal Power Commission,* 104 U.S.App. D.C. 106, 110, 259 F.2d 921, 925 (D.C.Cir 1958)).

**James C. Mahan**
**U.S. District Judge**

Defendants also assert that they may be "forced into a precarious situation of appealing a judgment that they would later have difficulties recovering from [the plaintiff], if successful." However, there is no evidence that, if successful on appeal, defendants would have a difficult time recovering the judgment from the plaintiff.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendants Great Falls Limited Partnership, RVS Southwest, LLC, Todd Slusher, Joyce Slusher, and Ronald V. Sturm's motion to stay execution of judgment (doc. #52) be, and the same hereby is, DENIED.

DATED December 13, 2010.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge