UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BANK OF THE WEST,

      Plaintiff,

v.

GREAT FALLS LIMITED PARTNERSHIP, et al.,

      Defendants.

2:09-CV-388 JCM (RJJ)

**ORDER**

Presently before the court is defendants Great Falls Limited Partnership, et. al.'s motion to reconsider magistrate judge's order. (Doc. #96). Plaintiff Bank of the West filed a response. (Doc. #97). Defendants then filed a reply. (Doc. #100).

Defendants move this court to reconsider Magistrate Judge Johnston's order denying defendants' motion to enforce an alleged settlement agreement. In support of their motion, defendants assert three grounds for reconsideration: (1) the magistrate judge erred in finding that the parties never agreed to the material terms of the settlement agreement; (2) the magistrate judge erred in finding that the disclaimer prevented a contract from being formed; and (3) the magistrate failed to conduct an evidentiary hearing on disputed material facts. (Doc. #96).

Briefly, the current dispute arises out of an alleged oral settlement agreement between the two parties. During the course of their settlement negotiations, the parties exchanged several letters of intent. Each of the letters of intent included the following disclaimer:

**James C. Mahan**
**U.S. District Judge**

1   THIS TERM SHEET IS FOR SETTLEMENT DISCUSSION PURPOSES ONLY:
    THERE IS NO OBLIGATION ON THE PART OF ANY NEGOTIATING PARTY
2   UNTIL A DEFINITIVE AGREEMENT IS SIGNED BY ALL PARTIES.

After several months of settlement negotiations without attorneys, the parties reached a tentative agreement. Then, the parties asked counsel to prepare the proposed settlement agreement. At some point during the finalization of the phrasing of the written agreement, plaintiff received an updated appraisal of the property included in the settlement. The appraised value of the property was less than anticipated, and plaintiff reconsidered the prior tentative settlement agreement. Plaintiff never signed the proposed written settlement agreement.

Defendants then attempted to enforce the alleged oral settlement agreement between the two parties. (Doc. #84). Magistrate Judge Johnston denied defendants' motion. (Doc. #95). Defendants then filed the instant motion to reconsider the magistrate judge's denial. (Doc. #96).

**Standard of Review**

When reviewing the magistrate judge's order, this court determines whether the order is clearly erroneous or contrary to law. *See* FED. R. CIV. P. 72(a); Local Rule IB 3-1. The magistrate judge's order is "clearly erroneous" if this court is left with "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992).

Defendants assert that the proper standard of review in this case is abuse of discretion. (Doc. #96). Defendants argue that the court is acting within its "inherent or equitable power summarily to enforce an agreement to settle a case pending before it." *Wilson v. Wilson*, 46 F.3d 660 (7th Cir. 1995). Thus, the court should review the magistrate judge's decision under the abuse of discretion standard. *See id.*

The court is not satisfied that this single out-of-circuit citation is sufficient to mandate the abuse of discretion standard of review. Nevertheless, the court declines to address this issue because the court would affirm the magistrate judge's decision under both the clearly erroneous and abuse of discretion standards of review.

**James C. Mahan**
**U.S. District Judge**

- 2 -

**Discussion**

As stated above, defendants assert three separate grounds for reconsidering the magistrate judge's order. In the interest of efficiency, the court will address these arguments in reverse order.

**I.      The magistrate judge should have conducted an evidentiary hearing**

As an alternative to their other arguments, defendants argue that the court should overturn the magistrate judge's order to allow the parties to conduct an evidentiary hearing. (Doc. #97). Specifically, defendants state that the parties must be allowed an evidentiary hearing when material facts concerning the existence or terms of an agreement to settle are in dispute. (Doc. #97 (citing *Callie v. Near*, 829 F.2d 888 (9th Cir. 1987))).

Unlike *Callie*, the parties here never moved the court for an evidentiary hearing. *See Callie*, 829 F.2d at 890. It is procedurally improper for defendants to assert, *post hoc*, that they were denied an evidentiary hearing when they never requested one. The magistrate judge's decision not to hold an evidentiary hearing was neither clear error nor abuse of discretion because the parties did not indicated that an evidentiary hearing was necessary to settle disputed material facts.

**II.     The disclaimer did not prevent a contract from being formed**

Defendants argue that the legal disclaimer included on each of the letters of intent did not prevent the parties from entering a valid, binding oral contract. (Doc. #97). Defendants allege that the language in the letters of intent "only served to avoid any misunderstanding that [defendants were] making a commitment to the terms *until* an agreement was reached. After negotiations and [plaintiff's] verbal acceptance to settle . . . an agreement was indeed finalized." (Doc. #100, emphasis in original). Defendants further point to plaintiff's subsequent actions as "support[ing] a finding that the executed settlement agreement only served as a memorial of the parties' binding [oral] agreement." (Doc. #97).

In the Ninth Circuit, if there is "a manifest intention that the formal agreement is not to be complete until reduced to a formal writing to be executed, there is no binding contract until this is done." *Rennick v. O.P.T.I.O.N. Care, Inc.*, 77 F.3d 309 (9th Cir. 1996) (internal citations omitted). "Since some measure of agreement must usually be reached before a written draft is prepared, the

1 evidence that the parties intended to be presently bound must be convincing and subject to no other
2 reasonable interpretation." *Tropicana Hotel Corp. v. Speer*, 692 P.2d 499, 502 (1985).

3       While defendants have presented "some evidence" that the parties considered the alleged
4 agreement to be binding, this evidence falls short of the "convincing and subject to no other
5 reasonable interpretation" standard cited in defendants' brief. *See id.* The magistrate judge
6 examined the evidence that defendants proffer as convincing evidence, subject to no other reasonable
7 interpretation and found that at least some of the evidence "strongly supports a finding that the deal
8 was not officially done." (Doc. #95).

9       Defendants object to this finding, stating that it focuses on the wrong point in time in
10 settlement negotiations. According to defendants, the parties entered into a valid, binding oral
11 contract before counsel for either party was involved. The parties asked their counsel to draft a
12 written settlement agreement only after the parties had entered a binding oral contract. Defendants
13 further assert that plaintiff's subsequent actions support a finding that the parties had entered into
14 a binding oral agreement. (Doc. #95). Even assuming, *arguendo*, that the magistrate judge focused
15 on the wrong settlement negotiation events, defendants still have not met their burden by showing
16 that there is "no other reasonable interpretation" of plaintiff's subsequent actions. *Speer*, 692 P.2d
17 at 502. Again, while defendants have presented some evidence of an oral contract, they have not
18 established the existence of a binding oral contract by convincing evidence, subject to no other
19 reasonable interpretation. *See id.* Thus, the magistrate judge did not abuse his discretion or commit
20 clear error.

21 **III.**    **The magistrate judge erred in finding that the parties never agreed to material terms**

22       The court finds that it is unnecessary to address this argument. The court has already held
23 that the magistrate judge did not abuse his discretion or commit clear error. Defendants have not
24 established by convincing evidence, subject to no other reasonable interpretation that a valid, binding
25 oral contract existed. Therefore, defendants have failed to carry their burden. It is unnecessary to
26 determine whether the magistrate judge erred in his finding that the parties never agreed to the
27 material terms of the contract.

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

Accordingly,

IT IS ORDERED, ADJUDGED, AND DECREED that defendants Great Falls Limited Partnership, et. al.'s motion to reconsider magistrate judge's order (doc. #96) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff Bank of the West's motion for leave to file surreply to defendants' motion to enforce settlement agreement (doc. #89) be DENIED as moot.

DATED October 25, 2011.

_____
UNITED STATES DISTRICT JUDGE