UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BANK OF THE WEST,

      Plaintiff,

v.

GREAT FALLS LIMITED
PARTNERSHIP, et al.,

      Defendants.

2:09-CV-388 JCM (RJJ)

**ORDER**

Presently before the court is defendants Great Falls Limited Partnership, et. al.'s motion to certify question to the Supreme Court of Nevada. (Doc. #128). Plaintiff Bank of the West filed an opposition. (Doc. #130). Defendants then filed a reply. (Doc. #132).

Defendants seek to certify the following question:

> Under Nevada law, does NRS 40.495.3 provide guarantors their legal and equitable defenses set forth pursuant to NRS 40.451 through 40.4639 when (1) the lender first sues the guarantor without foreclosure; (2) the lender obtains a judgment for the full amount of the indebtedness; and (3) the lender immediately commences a foreclosure action after securing a full judgment in the indebtedness against the guarantors?

(Doc. #128).

On July 30, 2010, this court entered judgment against defendants in connection with their guaranty of a loan made by plaintiff to Talon Mountain, LLC. (Doc. #50). On October 29, 2010, plaintiff issued a notice of trustee's sale for the real property collateral, scheduled for February 1,

**James C. Mahan**
**U.S. District Judge**

1  2011. (Doc. #132). On December 21, 2010, defendants filed a motion for relief from judgment, and,
2  in the alternative, motion to alter or amend the judgment. (Doc. #74).
3        Defendants assert that they are entitled to the defenses afforded by NRS 40.495(3), which
4  are triggered when a creditor situated as plaintiff elects to foreclose on property held in collateral.
5  Specifically, defendants assert that they are entitled to a credit for the fair market value of the
6  property towards the judgment previously entered for plaintiff. Defendants contend that plaintiff will
7  receive a double recovery if it is permitted to obtain a judgment against defendants and then
8  immediately proceed with a foreclosure on the collateral.
9        Pursuant to Nevada Rule of Appellate Procedure 5, the Nevada Supreme Court may answer
10 questions of law certified by a United States district court upon the certifying court's request:

> if there are involved in any proceeding before those courts questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court of this state.

14 NEV. R. APP. P. 5(a). Where the question does not impact the merits of a claim pending before the
15 certifying court, the question should not be certified to the Supreme Court. *See* NEV. R. APP. P. 5(a)
16 (requiring that certified question be "determinative"); *see also Volvo Cars of N. Am., Inc. v. Ricci*,
17 122 Nev. 746, 751 (2006) (declining to answer certified questions where "answers to the questions
18 posed [] would not 'be determinative' of any part of the case").
19       Certification is not mandatory where state law is unclear on a particular issue. *Lehman Bros.*
20 *v. Schein*, 416 U.S. 386, 390-91 (1974). When a federal court confronts an issue of state law which
21 the state's highest court has not addressed, the federal court typically should predict how the state's
22 highest court would decide the issue. *Med. Lab. Mgmt. Consultants v. Am. Broad. Cos., Inc.*, 306
23 F.3d 806, 812 (9th Cir. 2002). Where the statutory language is sufficiently clear, it is not necessary
24 for the court to certify a question. *See Kehoe v. Aurora Loan Services, LLC*, 2010 WL 4286331, at
25 *11 (D. Nev. 2010). However, certification may be appropriate in some circumstances, and may
26 "save time, energy, and resources and help [] build a cooperative judicial federalism." *Lehman Bros.*,
27 416 U.S. at 391. Whether to certify a question to the state's highest court lies within the federal

**James C. Mahan**
**U.S. District Judge**

- 2 -

1 court's discretion. *Id.*

2 The court is not inclined to grant defendants' request for certification. The statutes upon which defendants base their inquiry are plain on their face. *See* NRS 40.495; NRS 40.430. Further, the question that defendants seek to have certified is answered in the Supreme Court of Nevada's unpublished opinion in *Forouzan, Inc. v. Bank of George*, 2012 WL 642548 (Nev. Feb. 27, 2012).

Where a defendant-guarantor has waived Nevada's one-action rule, and where a plaintiff-creditor prevails in an action for breach of guaranty without first foreclosing on the real property held in collateral but then proceeds with foreclosure after obtaining a judgment, the plaintiff is not permitted a double recovery. *Id.* at *7. In *Forouzan*, a plaintiff had brought suit for a breach of guaranty. *Id.* at *1. The defendant argued that the plaintiff was equitably estopped from pursuing an action against defendant because plaintiff had failed to mitigate its damages by first foreclosing on the real property collateral. *Id.* As here, the defendant in *Forouzan* had waived the one-action rule, and the court thereby concluded that plaintiff was permitted to bring an action for breach before foreclosing on the real property collateral. *Id.* at *2. The defendant contended that such a result would permit plaintiff to receive a double recovery. *Id.* at *4. However, NRS 40.495(3) specifies a guarantor's rights in the event of foreclosure, which entitles a guarantor to assert any legal or equitable defenses provided pursuant to the provisions of NRS 40.451 to 40.4639, including the fair market value credit provided by NRS 40.459(1)(a). *See id.* at *9; NRS 40.495(3).

In footnote 8 of the *Forouzan* opinion, the court affirmed that a double recovery is not possible. *Id.* at n.8. Assuming the plaintiff would only partially recover against the defendant on its judgment for a breach of guaranty, the plaintiff could delay foreclosure indefinitely while the value of the real property held in collateral declined. Accordingly, the plaintiff would be awarded for its inaction "because the potential deficiency against [the defendant] continues to increase as the collateral's value decreases." *Id.* The *Forouzan* court explained that such a result is permitted by defendant's waiver of the one-action rule. *Id.* In so holding, the court recognized that, should the plaintiff have proceeded to foreclose after obtaining a judgment against the defendant, the defendant would only be liable for a deficiency amount. *Id.* This reasoning is consistent with a plain reading

James C. Mahan
U.S. District Judge

- 3 -

of statutes NRS 40.495 and NRS 40.459.

Defendants are, therefore, correct that, if plaintiff elects to foreclose on the collateral property subsequent to attaining a judgment against defendants in a personal suit, defendants are entitled to a fair market value credit for the property against the judgment entered for plaintiff on its breach of guaranty claim. *See* NRS 40.495(3); NRS 40.459(1)(a). Plaintiff has already represented that, "if the proceeds from the trustee's sale are sufficient to satisfy all amounts owing in connection with the loan . . . [plaintiff] will file with the Court an appropriate Satisfaction of Judgment." (Doc. #80).

All that is truly disputed is the question of at what point can plaintiff be said to be "maintaining" an action to foreclose so as to trigger the application of NRS 40.495(3). Defendants assert that plaintiff has satisfied this criterion by issuing a notice of trustee's sale. (Doc. #74). Plaintiff contends that it has only "taken preliminary steps to potentially conduct a trustee's sale at some point in the future[.]" (Doc. #130 at 2:7-8). The statute which provides the fair market value credit defendants seek specifically refers to "the fair market value of the property sold at the time of the sale[.]" NRS 40.459(1)(a). Therefore, a deficiency amount (if there should be one) may not be established until the real property is sold.

The statutes that defendants seek to clarify are clear on their face as confirmed by the Supreme Court of Nevada's holding in *Forouzan, Inc. v. Bank of George*, 2012 WL 642548. *See also* NRS 40.430; NRS 40.459; NRS 40.495. Certification of a question of law to the Supreme Court of Nevada is, therefore, unnecessary.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Great Falls Limited Partnership, et. al.'s motion to certify question to the Supreme Court of Nevada (doc. #128) be, and the same hereby is, DENIED.

DATED June 26, 2012.

*[signature: James C. Mahan]*
UNITED STATES DISTRICT JUDGE